638 So.2d 124 (1994)
Patricia Ann MUDD, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3503.
District Court of Appeal of Florida, First District.
June 7, 1994.
*125 Louis O. Frost, Jr., Public Defender, and James T. Miller, Asst. Public Defender, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., and Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
The appellant, Patricia Ann Mudd, appeals her conviction of manslaughter for the death of her seven-month-old son. The child died of hyperthermia after being left in a car seat in the back seat of the appellant's car for approximately eight hours while the appellant was at work. The appellant raises several issues, only one of which merits discussion.
During the state's case-in-chief, the state presented evidence that the appellant had physically abused her two-month-old daughter, approximately four years prior to the death of her son. The state presented the testimony of a physician and two investigators that the two-month-old infant had significant bruises on her face and three fractured ribs, that the appellant initially lied to investigators about how the injuries were incurred, and that the appellant pled guilty to criminal charges as a result and the infant daughter was placed for adoption.
Evidence of other crimes, wrongs and acts is admissible if it is probative of a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Such evidence is inadmissible when relevant solely to prove the bad character or propensity of an individual. Williams v. State, 110 So.2d 654 (Fla. 1959); § 90.404(2)(a), Fla. Stat. (1991). The evidence of the appellant's physical abuse of another child is not relevant to a material fact in issue in the present case. Based on the record on appeal, we are unable to say that the error was harmless. The judgment of conviction is reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
BARFIELD and BENTON, JJ., and JORGENSON, Associate Judge, concur.